# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NANCY SONICHSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-09874 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Sonichsen has sued Defendant Fifth Third Bank ("Fifth Third") alleging a

violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Before the Court is

Fifth Third's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). (Dkt. No. 11.) Fifth Third argues, first, that Sonichsen's claim is barred by the doctrine

of *res judicata* and, second, that Sonichsen fails to allege any damages. For the reasons discussed

below, the motion is denied.

## BACKGROUND

For purposes of the instant motion, the Court accepts the facts alleged in the complaint as

true and draws all inferences in Sonichsen's favor. *See Carlson v. CSX Transp., Inc.*, 758 F.3d

819, 826 (7th Cir. 2014).

In early 2012, Sonichsen had two liens on her property—both held by Fifth Third. One

lien was a Home Equity Line of Credit ("HELOC"); the other was a standard mortgage. (Compl.

¶ 5, Dkt. No. 1.) In July 2012, Sonichsen refinanced her property with Fifth Third. As a result, the

HELOC was completely paid off. Sonichsen did everything required to close the HELOC and

instructed Fifth Third to close it. (*Id.*) Her HELOC was still being reported as open on her credit

report, however, and it was hurting her credit rating. (*Id.* ¶ 8.)

In July 2016, Sonichsen sent a letter to Fifth Third demanding that they stop the "false

reporting of the HELOC as being open." (*Id.*) Fifth Third did not respond. (*Id.*) So, in September

2016, Sonichsen sent a letter to Equifax, a credit reporting agency, to dispute the false

information. (*Id.* ¶ 9.) Equifax responded, informing Sonichsen that Fifth Third continued to

assert that her HELOC was open. (*Id.* ¶ 10.) Sonichsen now comes before this Court claiming that

Fifth Third has violated FCRA § 1681s-2(b) by providing false information regarding the HELOC

to Equifax. (*Id.* ¶ 12.)

This is not Sonichsen's first lawsuit against Fifth Third. Their first dispute (the "First

Case") was filed in 2015.[1] *Sonichsen v. Fifth Third Bank*, No. 15-cv-06265 (N.D. Ill.). In the First

Case, Sonichsen alleged violations of the FCRA because her credit report incorrectly listed that:

(1) her property was in foreclosure, and (2) the HELOC was open. (Second Am. Compl. ¶¶ 15,

25, *Sonichsen v. Fifth Third Bank,* Case No. 15-cv-06265, Dkt. No. 30-1.) Sonichsen further

alleged that, sometime around April 2015, she was approached with an investment opportunity

but could not take advantage of it because of the false foreclosure information on her credit report.

(*Id.* ¶¶ 28–43.) In June 2015, Sonichsen sent a letter to Experian disputing the foreclosure

information. The foreclosure was removed from Sonichsen's credit report, but the report

continued to show incorrectly that the HELOC was open. (*Id.* ¶¶ 53–55.) Sonichsen thus sued

Fifth Third claiming that the false information on her credit report had caused her to miss out on

the investment opportunity.

---

[1] The Court takes judicial notice of the First Case. *See GE Capital Corp. v. Lease Resolution Corp.*, 128
F.3d 1074, 1080 (7th Cir. 1997) ("[A] district court [may] take judicial notice of matters of public record
without converting a motion for failure to state a claim into a motion for summary judgment.").

In April 2016, the district court entered judgment in favor of Fifth Third on the FCRA

claim in the First Case. (Apr. 7, 2016 Order at 1, *Sonichsen v. Fifth Third Bank*, No. 15-cv-06265

(N.D. Ill.), Dkt. No. 39 (granting Fifth Third's motion for judgment on the pleadings).) In so

doing, the court held that Sonichsen's FCRA claim based on the foreclosure information failed

because any damages suffered as a result of the lost investment opportunity accrued before Fifth

Third had a duty to correct the allegedly false foreclosure information, as Sonichsen sent the letter

disputing the false foreclosure information only after she allegedly missed out on the investment

opportunity.[2] The court in the First Case further held that Fifth Third's duty to correct inaccurate

information arose only after receiving notice from Experian—so after any damages had accrued.

In addition, the court found that Sonichsen's FCRA claim based upon the open HELOC failed

because Fifth Third had not been put on notice that Sonichsen was disputing that information, as

Sonichsen's letter to Experian only disputed the foreclosure. Accordingly, for purposes of the

First Case, Fifth Third had no duty under the FCRA to correct the open HELOC information.

## DISCUSSION

### I.     Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] Facts that

---

[2] Under the FCRA, actual damages must accrue after the defendant is put on notice in order to be
recoverable. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004). A defendant is put on
notice when it is contacted by a credit reporting agency and informed that a consumer is challenging
information that the defendant provided. *See Rollins v. Peoples Gas Light and Coke Co.*, 379 F. Supp. 2d
964, 967 (N.D. Ill. 2005).

[3] Fifth Third's motion to dismiss argues, *inter alia,* that Sonichsen's claim is barred by the doctrine of *res
judicata*. But *res judicata* is an affirmative defense, so the proper procedure would have been for Fifth
Third to move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). However,
the Seventh Circuit has held that this procedural error is "of no consequence" when the court has in front

are "merely consistent with" a defendant's liability and conclusory statements are, by themselves,

insufficient. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Instead, a claim can be considered

plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*,

742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## II.      *Res Judicata*

Fifth Third first argues that Sonichsen's claim is barred by the doctrine of *res judicata*.

"Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies

based on the same cause of action." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th

Cir. 1986) (internal quotation marks omitted). The elements of *res judicata* are: (1) identity of the

parties in the earlier and subsequent action, (2) a final judgment on the merits in the earlier action,

and (3) identity of causes of action in the earlier and subsequent action. *See Matrix IV, Inc. v. Am.*

*Nat. Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). The first element is satisfied in

this case because the First Case was between Sonichsen and Fifth Third—the same parties as

here. The second element is also met because Sonichsen's First Case was decided on a motion for

judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which constitutes a final

judgment on the merits. Hence, the Court proceeds to the analysis of the third element.

To determine whether there is identity of the causes of action, the Seventh Circuit uses the

"same transaction" test. Under that test, a cause of action consists of a single core of operative

facts that give rise to a remedy. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th

Cir. 1986). Once a transaction has caused injury, all claims arising from that transaction must be

---

of it all it needs to be able to rule on the defense. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). And
Rule 12(c) motions are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *See,*
*e.g., Pisciotta v. Old Nat. Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Accordingly, the Court will
proceed to decide the issue as presented in the current motion.

brought in one suit or be lost. Thus, prior litigation bars not only claims that were decided in the first action, but also that could have been decided. *Id.*

However, *res judicata* does not bar a suit based on claims that accrue after a prior suit was filed. *See Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008). For example, in *Smith*, the plaintiff's first suit was based on sex discrimination. It was dismissed. The plaintiff then filed a second suit, repeating the allegations from the first complaint and adding allegations of similar misconduct committed after the filing of the first suit. *See id.* at 782. The defendant argued that the second suit was barred by *res judicata* because the newly alleged harassment occurred after the plaintiff filed her first suit but before it was dismissed, and so the plaintiff could have amended her complaint in the first suit to add the new allegations. But the Seventh Circuit rejected that argument, explaining that there is no legal duty to amend an existing complaint rather than bring a fresh suit, especially since Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend only once without leave of the court. *Id.* at 783. The Seventh Circuit went on to hold that *res judicata* did not bar the second suit, stating that " [t]he filing of a suit does not entitle the defendant to continue or repeat the unlawful conduct with immunity from further suit." *Id.*

Similarly, *res judicata* does not bar the present action because Sonichsen's claim accrued only after the First Case was filed. An FCRA § 1681s-2(b) claim does not accrue until after a credit reporting agency notifies a defendant that a consumer is challenging information provided by the defendant. *See Rollins v. Peoples Gas Light and Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005); *see also Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 450 (5th Cir. 1988) (noting that a new claim accrues under the FCRA for each transmission of an incorrect credit report, such that a separate statute of limitations applies to each transmission). Here, Sonichsen sent a letter to Equifax disputing her open HELOC in September 2016—so Fifth Third's duty arose only

sometime after that, when Equifax notified Fifth Third of Sonichsen's challenge. Not only was the letter sent after the First Case was filed, it was sent after the First Case was dismissed in April 2015.[4] In fact, the district court in the First Case dismissed Sonichsen's FCRA claim related to the open HELOC precisely **because** Sonichsen had not provided notice. (*See* April 7, 2016 Order at 5, *Sonichsen v. Fifth Third Bank*, No. 15-cv-06265 (N.D. Ill.), Dkt. No. 39.)

Nonetheless, relying on *Zurich Capital Markets, Inc. v. Coglianese*, 383 F. Supp. 2d 1041 (N.D. Ill. 2005), Fifth Third argues that Sonichsen could and should have brought the present claim in the First Case—specifically, that she could have submitted a new dispute letter to a credit reporting agency and then amended her complaint while the First Case was pending. In *Zurich*, the plaintiff argued that *res judicata* did not bar the second suit because the factual basis for the second suit was not discovered until a deposition was taken during the course of the first action. *Id.* at 1047. But the *Zurich* court held that *res judicata* did apply, as the plaintiff conceded that the new claims derived from the same set of operative facts as the first action and the plaintiff knew the facts for its new claim prior to the final judgment in the first action. Hence, there was no reason for the plaintiff to sit on its claims and wait to bring them in a second suit rather than amend its complaint. *Id.* at 1047.

The present case differs from *Zurich* in several ways. First, Sonichsen does not concede that the First Case and the present action derive from the same set of operative facts. As discussed above, the present case deals with facts (the letter to Equifax and Fifth Third's refusal to correct Sonichsen's credit report after the letter) that occurred after the First Case was decided. Unlike in *Zurich*, Sonichsen did not have sufficient factual knowledge to be able to file the present case while the First Case was still pending. *See id.* at 1048. While Sonichsen did know about the open

---

[4] Thus, the argument against application of *res judicata* is even stronger here than in *Smith*, where the basis for the second suit accrued while the first suit was still pending.

HELOC during the course of the First Case, she had not yet sent her Equifax letter. So she had no idea whether or not there would be misconduct on the part of Fifth Third such that an FCRA violation would accrue.

Moreover, Fifth Third's reliance on *Zurich* for purposes of this case ignores *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640 (7th Cir. 2011). In *Ellis*, the district court relied on *Zurich* to hold that *res judicata* applied because the plaintiff could have amended the complaint in the first suit to allege conduct that occurred after the case was filed but before it was decided. *Id.* at 652. But the Seventh Circuit held that the district court's conclusion did not accurately reflect the case law. *Id*. Echoing *Smith*, the Seventh Circuit confirmed that, "[t]he federal rule is that claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed." *Id*. As discussed above, the open HELOC claim did not arise until after the First Case was dismissed and thus the claim is not barred.[5]

### III.    FCRA Damages

Fifth Third also argues that this case should be dismissed because Sonichsen fails to allege any damages. For a willful violation, the FRCA provides for actual, statutory, or punitive damages. *See* 15 U.S.C. § 1681n. For a negligent violation, the statute provides only for actual damages. *See* 15 U.S.C. § 1681o. Hence, claims for negligent noncompliance with the FCRA require a showing of actual damages while claims for willful noncompliance do not. *See Asufrin v. RoundPoint Mortg. Servicing Corp.*, No. 15-cv-09077, 2016 WL 1056669, at *4 (N.D. Ill. Mar. 17, 2016).

---

[5] Fifth Third also relies on *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp. 2d 864 (N.D. Ill. 2007), to argue that Sonichsen was required to bring her claim during the First Case. However, unlike here, the plaintiff in *Black & Decker* "had information which should have indicated that a basis for filing suit . . . existed prior to the close of fact discovery" in the first suit. *Id.* at 872.

In the context of the FCRA, "willfulness" covers both knowing and reckless conduct. Recklessness is conduct that is objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Hence, "[w]illfulness may be established by showing that the defendant knew that its actions violated a FCRA requirement or acted in reckless disregard as to whether its actions violated a FCRA requirement." *Asufrin*, 2016 WL 1056669, at *5 (internal quotations omitted). At the pleading stage, the plaintiff need only "plausibly suggest" a willful violation—as generally, "a willfulness determination involves facts beyond the pleadings and cannot be resolved on a motion to dismiss." *Id.* at *5 n.5 (citing *Romano v. Active Network, Inc.*, No. 09-cv-01905, 2009 WL 2916838, at *4 (N.D. Ill. Sept. 3, 2009)); *see also Solimen v. Morton Coll.*, No. 13-cv-01962, 2013 WL 4805004, at *3 (N.D. Ill. Sept. 9, 2013) (stating that state-of-mind issues, such as willfulness, often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage).

Here, in July 2016, Sonichsen allegedly sent a letter directly to Fifth Third demanding that it cease the false reporting of the open HELOC. This letter came after the parties already had fought each other in the First Case over the issue of the open HELOC. Reading Sonichsen's complaint in the light most favorable to her, it is reasonable to infer that Fifth Third knew that the HELOC should have been reported as closed but it nonetheless refused to correct the information. Thus, it is reasonable to infer that Fifth Third acted willfully. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 624 (7th Cir. 2007) (finding that plaintiffs sufficiently alleged a willful violation where plaintiffs asserted that defendant violated the FCRA and did so willingly); *see also Asufrin*, 2016 WL 1056669, at *5 (holding that plaintiff plead enough for willful FCRA violation, where the complaint alleged that defendant did not correct blatantly obvious error on plaintiff's credit files despite plaintiff's efforts to correct it, that defendant deviated from

standards of banking industry and the FCRA, and that defendant knew its credit line was in dispute yet failed to correct the information); *Solimen*, 2013 WL 4805004, at *3 (holding that plaintiff sufficiently alleged willful noncompliance where plaintiff alleged that defendant "uniformly fail[ed]" to follow the FCRA). In short, Sonichsen has pleaded enough for a willful violation claim.

Regarding Sonichsen's actual damages allegations, under the FCRA, actual damages must accrue after the defendant is put on notice in order to be recoverable. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004). And although "[t]he FCRA does not explicitly limit the 'actual damages' recoverable under the statute and [the] [p]laintiff does not need to plead her damages with heightened particularity[,] . . . the Complaint needs at least to give the other party some notice as to what her actual damages could possibly be." *Johnson v. CGR Servs.,* No. 04-cv-02587, 2005 WL 991770, at *2 (N.D. Ill. Apr. 7, 2005).

Here, Sonichsen alleges that she suffered "a lost investment opportunity" as a result of the FCRA violation. (Compl. at 4, Dkt. No. 1.) It is unclear whether or not this reference concerns the same April 2015 opportunity that was mentioned in the First Case.[6] (*See* Second Am. Compl. ¶¶ 28–43, Case No. 15-cv-06265, Dkt. No. 30-1.) But reading Sonichsen's complaint in the light most favorable to her, it is reasonable to infer that Sonichsen has alleged enough to pursue actual damages in this case. *Cf. Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617, 623–24 (N.D. Ill. 2011) (dismissing FCRA violation claim because plaintiff did not provide "even the slenderest of allegations to buttress the conclusion that he suffered actual damages"—"for example, [plaintiff did not] allege[] that he was denied or lost credit or was subjected to a higher interest rate as a result of . . . improper use of his credit report"); *Young v. Harbor Mortor Works, Inc.*,

---

[6] If it is the same investment opportunity as alleged in the First Case, then the damages would have accrued prior to any notice to Fifth Third regarding the open HELOC and such damages would not be recoverable. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004).

No. 2:07-CV-31JVB, 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009) (adopting Magistrate

Judge's recommendation and dismissing FCRA claim because plaintiff failed to allege any actual

damages such as "that he was denied credit, lost credit, had his credit limits lowered, or was

required to pay a higher interest rate for credit"); *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d

229, 241 (S.D.N.Y. 2014) (dismissing negligent FCRA violations claims for failure to allege

actual damages, even though the disputed information remained on the plaintiff's credit report,

where complaint contained only conclusory allegations that plaintiff was entitled to actual

damages). Discovery will show whether or not she can actually establish such damages, but at the

motion to dismiss stage her complaint survives.[7]

### CONCLUSION

For the foregoing reasons, Fifth Third's motion to dismiss (Dkt. No. 11) is denied.

ENTERED:

Dated:  September 18, 2017

_____
Andrea R. Wood
United States District Judge

---

[7] Although it is unclear from her complaint, it appears that Sonichsen also seeks injunctive relief. (*See* Pl.'s Resp. to Mot. to Dismiss at 5, Dkt. No. 14.) But injunctive relief is not available for the FCRA violation alleged here. *See Pappas v. Experian Info. Sols., Inc.*, No. 15 C 8115, 2017 WL 635145, at *5 (N.D. Ill. Feb. 16, 2017); *see also In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339–40 (N.D. Ill. 2002).